O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KORZENIEWSKI, an individual<br><br>                Plaintiff,<br><br>  v.<br><br>GOPACKUP, INC., a California Corporation, and Does 1 through 10<br><br>                Defendants. | Case No. 2:18-cv-06748-DDP (KSx)<br><br>**ORDER GRANTING APPLICATION FOR DEFAULT JUDGEMENT BY COURT**<br><br>[Dkt. 16] |

    Presently before the Court is Plaintiff Daniel Korzeniewski ("Plaintiff")'s Application for Default Judgment pursuant Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. 16.) Default was entered against Defendant Gopackup, Inc. ("Defendant") on September 28, 2018. (Dkt. 13.)

**I. BACKGROUND**

    Plaintiff Daniel Korzeniewski is the owner of an original photograph entitled "20131205_Bagan_66.jpg" ("photograph"). (Compl. ¶ 9.) Plaintiff registered the

photograph with the United States Copyright Office on December 21, 2013. (*Id.*) Plaintiff alleges that Defendant "used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as http://www.gopack.com." (*Id.*) Plaintiff brought this action seeking injunctive and statutory damages. (Compl. at 5.)

The complaint was filed on August 8, 2018, and Defendant was served with the Summons and complaint on August 9, 2018. (Dkt. 1; Dkt. 10.) Defendant failed to respond to the complaint or otherwise take part in this litigation. Default was entered on September 28, 2018. (Dkt. 13.) The instant motion is for default judgment against the Defendant. Plaintiff seeks statutory damages in the amount of $30,000, litigation costs of $476.20, and reasonable attorney fees in the amount of $2,400. (Mot. ¶¶ 6-8.)

For the reasons stated below, the Court GRANTS Plaintiff's Motion for Default Judgment.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b) authorizes the court to enter default judgment against a defendant whom the clerk has previously entered default. After the clerk enters default against a defendant, the factual allegations of the complaint, except those relating to damages, are taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). A plaintiff, however, is not automatically entitled to a court-entered default judgment simply by virtue of the clerk's default. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The following factors are relevant in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to

excusable neglect and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III. DISCUSSION**

The Court finds that Plaintiff's Application for default judgment satisfies the procedural requirements of Fed. R. Civ. 55(b)(2). The Court also finds that default judgment is warranted. In doing so, the Court considers the *Eitel* factors.

As to the first factor, Plaintiff would be prejudiced without a recourse for recovery as a copyright claimant. As to the second, third, and fifth factors, Plaintiff presents a plausible claim for relief and credible evidence that Defendant infringed on his copyrighted photograph, creating little possibility of a dispute concerning material facts. (Compl. ¶¶ 8-10.) As to the sixth factor, it does not appear that Defendant's default was due to excusable neglect, as Defendant had notice of the complaint and has not appeared or otherwise participated in this litigation. And while there is a strong policy favoring decision on the merits, particularly where there is a substantial sum of money at stake, these factors, here, do not outweigh the factors favoring default judgment.

As to the amount of damages, Plaintiff seeks statutory damages under 17 U.S.C § 504(c)(1). In determining the amount of statutory damages, courts are guided by "the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (citing *F.W. Woolworth Co. V. Contemporary Arts, Inc.*, 344 U.S. 228, 232).

In considering the circumstances of the infringement, the Court considers the nature of Defendant's business, it's social media presence, and the nature of the copyrighted photograph and the nature of the infringement. Defendant is "an online travel marketplace" whose website aims to "mak[e] it easy for travelers to connect directly with 'real locals' through customizable, interest-based tours." (Suppl. Br. at 2.) Defendant markets itself on social media and has approximately 6,944 followers. (*Id.* at

3

3.) The copyrighted photograph was used on Defendant's website as "part of a slideshow on a tour package page promoting a 'BEST OF MYANMAR- Deluxe Tour Package." (*Id.* at 2.) The photograph is described as a "vibrant image which depicts a local woman selling produce at a street market. (*Id.*)

The Court finds that considering the above circumstances, an award of statutory damages in the amount of $15,000 is appropriate. Further, pursuant to 17 U.S.C. § 505, the Court awards Plaintiff litigation costs of $476.20, and reasonable attorney's fees in the amount of $2,400.

**IV. CONCLUSION**

Therefore, the motion for default judgment is GRANTED. Plaintiff is awarded $15,000 in statutory damages, litigation costs of $476.20, and reasonable attorney's fees of $2,400.

**IT IS SO ORDERED.**

Dated:   1-23-19

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

4